**Ronald DAVIDSON, Plaintiff,**

v.

**Glenn S. GOORD, et al., Defendants.**

No. 99–CV–555S.

United States District Court, W.D. New York.

April 23, 2003.

Ronald Davidson, Elmira, NY, pro se.

William Lonergan, Office of the State Attorney, Buffalo, NY, for Defendants.

## DECISION AND ORDER

SKRETNY, District Judge.

1. On August 10, 1999, Plaintiff Ronald Davidson commenced this action pursuant to 42 U.S.C. § 1983.

2. On December 20, 1999, this Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings necessary to determine the mer-

its of the factual and legal issues presented by this action.

3. At issue in this Decision and Order are two determinations made by Judge Foschio resolving non-dispositive motions made by the parties. First, on March 11, 2002, Judge Foschio denied Plaintiff's Motion for Assignment of Counsel. Second, on January 30, 2003, Judge Foschio granted Defendants' Motion to Compel and denied Plaintiff's Motion to Stay Discovery.

4. On April 5, 2002, Plaintiff filed an Objection to Judge Foschio's March 11, 2002 Decision and Order that denied his request for assignment of counsel. On February 14, 2003, Plaintiff filed an Objection to Judge Foschio's January 30, 2003 Decision and Order granting Defendants' Motion to Compel and denying Plaintiff's Motion to Stay Discovery. In addition, on March 19, 2003, Plaintiff filed Supplemental Objections to Judge Foschio's January 30, 2003 Decision and Order.[1]

5. Pursuant to Federal Rule of Civil Procedure 72(a), this Court will set aside or modify Judge Foschio's Decision and Orders on non-dispositive motions only if it finds them clearly erroneous or contrary to law.

6. In regard to Plaintiff's request for assignment of counsel, Judge Foschio determined that this case does not appear to present difficult factual issues, and that Plaintiff appears to have a significant record of the events underlying his claims. *See* Decision and Order of March 11, 2002, at 2. Further, Judge Foschio found that Plaintiff is experienced with § 1983 litigation, is articulate and cognizant of basic procedural requirements, and thus should be able to put forth his arguments based on reasonable access to the prison law library. *Id.* Therefore, Judge Foschio con-

cluded that there was no compelling reason to appoint counsel.

7. Plaintiff asserts that his medical condition and the complexity of the legal issues involved in this case warrant the appointment of counsel, and thus Judge Foschio's denial of counsel is error.

8. In this Court's view, however, the record and governing case law support Judge Foschio's determination that counsel should not be appointed. Plaintiff's conclusory objections do not establish that Judge Foschio's decision is clearly erroneous or contrary to law. Plaintiff simply disagrees with Judge Foschio's conclusion. Accordingly, this Court will deny Plaintiff's appeal of Judge Foschio's March 11, 2002 Decision and Order.

9. In regard to Defendants' Motion to Compel and Plaintiff's Motion to Stay Discovery, Judge Foschio determined that a stay of discovery was not warranted and that Plaintiff must respond to Defendants' Interrogatories. Judge Foschio concluded that Plaintiff's medical condition and use of medication would not impede his ability to participate in discovery. This conclusion was based in part on Plaintiff's demonstrated ability to participate in discovery, including his ability to participate in proceedings on record before the court without any manifestation of physical incapacity. Moreover, Judge Foschio found that Plaintiff's ability to prepare and file opposition to Defendants' discovery requests as well as his own motions indicated that Plaintiff could meaningfully engage in discovery. Furthermore, Judge Foschio concluded that any difficulties in conducting discovery arising from Plaintiff's medical condition could be remedied through the use of proper scheduling and alterna-

---

1. This Court will consider Plaintiff's Supplemental Objections only to the extent that they raise arguments based on matters that were before Judge Foschio.

tive deposition processes, such as the use of teleconferencing.

In addition, Judge Foschio examined Plaintiff's claims in conjunction with Defendants' Interrogatories and determined which interrogatories Plaintiff would have to answer and/or supplement. Judge Foschio addressed each contested interrogatory separately to determine whether it was relevant, and whether Plaintiff had adequately answered it. In this way, Judge Foschio determined that Plaintiff was required to answer and/or supplement a number of Defendants' Interrogatories.

10. Plaintiff objects to Judge Foschio's conclusion that his medical condition will not impede his ability to participate in discovery. Plaintiff alleges that surgery as well as side effects from his medications, specifically fatigue and lethargy, will impede his ability to conduct and participate in discovery. Plaintiff further alleges that Judge Foschio misconstrued the nature of his claims.

11. Again, this Court's review of the record and applicable law reveals that there is ample support for Judge Foschio's Decision and Order. Plaintiff has demonstrated that he is quite able to participate in this litigation when necessary. Thus, this Court cannot conclude that the determination to proceed with discovery is clearly erroneous, especially in light of Judge Foschio's recognition that some latitude in scheduling may be in order. Further, Judge Foschio undertook a thorough examination of each Interrogatory request to determine the adequacy of Plaintiff's responses. This Court finds no basis to conclude that Judge Foschio's determinations in this regard are clearly erroneous or contrary to law. Therefore, this Court will deny Plaintiff's appeal of Judge Foschio's January 30, 2003 Decision and Order.

IT HEREBY IS ORDERED, that Plaintiff's appeal of Judge Foschio's Decision and Order of March 11, 2002 (Docket No. 46) is DENIED.

FURTHER, that Plaintiff's appeal of Judge Foschio's Decision and Order of January 30, 2003 (Docket Nos. 56 and 57) is DENIED.

SO ORDERED.